[No. 1571.  Decided March 1, 1895.]

## A. M. KEEFE et al., Respondents, v. C. L. CHAFFEE, Appellant.

CONTRACT OF SALE — OFFER AND ACCEPTANCE BY CORRESPONDENCE.

A contract for one hundred cars of shingles is not established when the only evidence thereof is correspondence of the parties showing that the purchaser agreed to take a certain kind of shingles at a specified price from the seller, to be shipped as ordered, which terms were accepted by the seller, and that subsequently the purchaser ordered five cars by wire, and, by letter of the same date, proposed to take a hundred cars at the agreed price, which letter was in the seller's hands at the time he filled the order for five cars, there being no other act or agreement on the part of the seller showing an acceptance of the proposition..

*Appeal from Superior Court, King County.*

*Wiley & Bostwick,* for appellants.

*Allen & Powell,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an action by respondents to recover from the appellant the sum of $1,035.50, for

shingles alleged to have been sold and delivered to appellant. The appellant pleaded a counter claim for damages for breach of contract in the sale of shingles, claiming to have purchased the output of the mill from respondents to the amount of one hundred carloads. The court held the contract not to be one for the sale of one hundred carloads of shingles, and instructed the jury to find for the respondents. Motion for a new trial was filed and denied, and judgment rendered in favor of respondents. From such judgment this appeal is prosecuted.

The respondents were doing business in November, 1893, in Machias, Washington, and were engaged in the manufacture and sale of shingles. An order was sent to them from the Mitchell, Lewis & Staver Company for a carload of shingles to be shipped to appellant at Omaha, Nebraska. The respondents filled the order, and at the same time sent a letter to the appellant which, among other things, stated that they would like to contract their shingles with some one who would take all the cut, which would be four cars per week, This letter was dated November 13, 1893. The appellant answered as follows:

"*Messrs. Perkins & Co., Machias, Wash.:*

"GENTLEMEN—Yours of the 13th received. I can use the following at annexed prices and weights, based on not to exceed 55 cents rate to Omaha. [Then follow the prices and description of the shingles.] . . . Shingles to be shipped to my address as ordered, and all invoices to be sent direct to me at Omaha. I have recently purchased 25 cars at even a less price than above.
         Yours truly,         C. L. CHAFFEE."

Prior to the shipment of any shingles, except the car shipped on the order of Mitchell, Lewis & Staver Company, Perkins & Company received from the appellant, through the mail, a letter containing the following:

"Your telegram of the 24th in answer to ours of the 18th received. We wired you to-day to ship five cars extra Star A Star, 6 to 2. We will take 100 cars of shingles as per our prices of the 18th. Shingles to be ordered as wanted by us, and you are to ship as ordered."

Subsequent to this the respondents telegraphed: "We accept terms, wire orders." In answer Perkins & Company received from appellant the following telegram:

"OMAHA, NEBRASKA, Nov. 25, 1893.
"To Perkins & Co.:

"Ship five cars extra Star A Star, six to two inch; have written."

It is in testimony that both the telegram and letter above referred to were in the possession of Perkins & Company at the time the five car loads of shingles sued for in plaintiffs' complaint were shipped, to wit, December 4th, 5th, 6th, 7th and 11th, 1893.

Afterwards Perkins & Company wrote to the appellant among other things as follows:

"Yours of the 25th at hand. In reply will say . . . We have 20 cars of 6 to 2 on hand, and will be ready to ship them as fast as we get the cars."

On December 5th Perkins & Company wrote to appellant as follows:

"We may not be able to ship after January 1st, 1894, as all mills have combined and no one will be allowed to ship at these figures. We have about ten cars we would like to ship before the first; if you have any orders to fill please advise us."

The record shows that after this communication the appellant wrote to the respondents, claiming that he had a contract with them for one hundred car loads of shingles at the prices specified in his letters, and demanded that the respondents comply with the con-

tract. The respondents answered, denying that he had a contract for any more shingles than they had shipped.

This was substantially the testimony in the case, and upon such testimony the appellant asked the court to instruct the jury as follows:

"You are instructed by the court that the correspondence introduced in evidence between the parties is in legal effect a contract on the part of the plaintiff to sell to the defendant the output of their shingle mill to the amount of one hundred cars, at the prices named, as ordered by the defendant and to be shipped as ordered."

The court refused to give the instruction, and the defendant excepted at the time. Thereupon the court, of its own motion, charged the jury as follows:

"Now I charge you as a matter of law that the contract set out in the affirmative defense in this action has not been established, that is, the evidence fails to show a contract upon the part of the defendant with the plaintiff for one hundred cars of shingles as alleged."

To the giving of which instruction the defendant at the time excepted, and he alleges the same as error here.

The record, however, discloses the fact that the appellant consented that the court should instruct the jury as to the legal effect of the evidence. He does not question here that the court had no right to instruct the jury upon the evidence as a question of law, but insists that as a law proposition the evidence showed that the contract was made out.

There are no legal questions involved in this case. It is simply the construction of a contract as shown by the testimony which we have substantially set out; and we are unable to base any particular argument upon it. But, in our judgment, the court reached the proper conclusion, as we think the correspondence shows that

there never was any agreement made that the respondents were to furnish the appellant one hundred carloads of shingles, or any other number of carloads than the actual number furnished, at the prices proposed by the appellant. We do not think that if the appellant had refused to take the shingles, the testimony is sufficiently conclusive to warrant the respondents in compelling him to accept them, or to enforce the specific performance of the contract. And, on the other hand, we do not think it was so conclusively established as to warrant the recovery of damages by the appellant for the failure of the respondents to furnish them according to his order.

The judgment will therefore be affirmed.

HOYT, C. J., and ANDERS and GORDON, JJ., concur. SCOTT, J., concurs in the result.